Filed 8/28/25  P. v. Larkin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B341283 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XSCTA152746) |
| v. | |
| ELIJAH FRITZ LARKIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge. Reversed with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Elijah Fritz Larkin is currently serving a 10-year prison term, nine years of which are on account of his conviction, after a no contest plea, for attempted murder.

He appeals the summary denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1] The People concede error. We accept their concession and reverse with instructions to conduct another prima facie hearing (§ 1172.6, subd. (c)) on Larkin's petition.

## PROCEDURAL BACKGROUND

Aside from a confidential probation report, which is generally considered not relevant to proceedings such as these (see, e.g., *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1209, fn. 3), the record does not disclose the facts giving rise to Larkin's convictions. What it does reflect is that, in April 2021, Larkin pled no contest to two of the seven counts with which he had been recently charged: attempted murder (§§ 187, subd. (a), 664), *not* willful, deliberate, or premeditated; and willful infliction of corporal injury on a victim with whom Larkin was in a dating relationship (§ 273.5, subd. (a)). Larkin admitted none of the enhancements alleged against him (e.g., personal use of a firearm) nor any of the prior strikes. The remaining counts were dismissed as part of the plea.

---

[1] Undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute only by its current number for clarity and convenience.

The trial court placed Larkin on probation. He violated its terms. The court revoked probation and sentenced him to nine years' imprisonment for attempted murder and one year for infliction of corporal injury.

In January 2024, Larkin filed a petition for resentencing pursuant to section 1172.6. Section 1172.6 is the procedural vehicle by which persons convicted under certain legal theories invalidated by Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 2019, and by Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 2022, may be resentenced.

As relevant here, Senate Bill No. 1437 invalidated the natural and probable consequences doctrine for felony murder and offered resentencing to persons convicted under that doctrine prior to the bill's enactment. (Stats. 2018, ch. 1015, § 4.) Courts of Appeal were divided on whether the benefits of Senate Bill No. 1437 extended to persons convicted of *attempted* murder under that doctrine. (*People v. Luu* (2025) 110 Cal.App.5th 1051, 1061.) Our Supreme Court agreed to consider the issue but the Legislature rendered it moot with the enactment of Senate Bill No. 775 (*Luu, supra*, at p. 1061, fn. 5), putting attempted murder on equal footing with murder for section 1172.6 resentencing eligibility (see *Luu, supra,* at pp. 1062–1063).

Larkin's petition was a bare "checkbox" petition offering only conclusory allegations that he met the statutory requirements for relief. (See *People v. Patton* (2025) 17 Cal.5th 549, 556 (*Patton*).) The People opposed it on the grounds that Senate Bill No. 1437 always applied to attempted murder, notwithstanding the many Courts of Appeal decisions to the contrary; so Larkin's plea *after* the enactment of Senate Bill No. 1437 could not have been a conviction under any theory that

bill had invalidated. The trial court accepted the People's argument and denied the petition on that basis at a prima facie hearing without considering, or having been offered, any evidence.

## DISCUSSION

Because the trial court denied Larkin's resentencing at the prima facie stage (§ 1172.6, subd. (c)), our review is independent. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

As just noted, the state of the law when Larkin entered his plea in April 2021 allowed him to be convicted of attempted murder under the natural and probable consequences doctrine. It was not until the January 2022 effective date of Senate Bill No. 775 that the risk of such a conviction was eliminated. (Stats. 2021, ch. 551, § 2.) Thus, the trial court's conclusion that the timing of Larkin's plea implied anything about his eligibility for resentencing was unfounded and error.

Larkin asks that we direct the trial court to issue an order to show cause and conduct an evidentiary hearing (§ 1172.6, subd. (d)) on his petition. The People ask only that we reverse and remand "for further proceedings consistent with the pertinent provisions of section 1172.6." We think the People's proposal is the more reasonable one.

Larkin's checkbox petition does not disclose what matters would be determined at an evidentiary hearing. The limited record on appeal does not preclude the existence of additional information of record (for example, a preliminary hearing transcript) that might refute Larkin's allegations. Certainly, the People offered no factual counterweight to Larkin's petition and the trial court did not purport to have made any meaningful review of the record.

4

We will therefore remand the matter to the trial court to perform the review required by section 1172.6, subdivision (c). (See *Patton*, *supra*, 17 Cal.5th at p. 563 [" 'The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that . . . culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed' without the need for an evidentiary hearing."].)

## DISPOSITION

The trial court's denial of Larkin's section 1172.6 petition is reversed. The matter is remanded for another prima facie hearing (§ 1172.6, subd. (c)).


RICHARDSON, J.

WE CONCUR:



LUI, P. J.



CHAVEZ, J.